# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CARL HASKELL, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 08-0377-CV-W-FJG |
| ) | Crim. No. 00-00395-01-CR-W-FJG |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# ORDER

Movant has filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (Doc. #1).

## I. BACKGROUND

On October 18, 2000, a grand jury in the Western District of Missouri returned an indictment against Carl Haskell charging him with conspiracy to murder a federal witness and the premeditated murder of John Wayne Hogsett on or about June 8, 1998. On June 3, 2002, a twelve day jury trial began with Haskell and his co-defendant Curtis Barfield. Haskell was convicted as charged and sentenced to a term of life on September 17, 2004. In his § 2255 motion, movant alleges that his counsel was ineffective for 1) failing to adequately examine a witness regarding a previous murder charge and 2) failing to object to the use of incriminating statements made by government agents. Movant requests an evidentiary hearing on his allegations.

## II. LEGAL STANDARD

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. "Accordingly, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing Larson v. United States, 905 F.2d 218, 220-21 (8th Cir. 1990), cert. denied, 507 U.S. 919, 113 S.Ct. 1278, 122 L.Ed.2d 672 (1993)).

## II. DISCUSSION

To prevail on a claim of ineffective assistance of counsel, a movant must show that the attorney's performance fell below an objective standard of reasonableness and that the performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The Court is to adopt an extremely deferential approach in evaluating counsel's performance. 466 U.S. at 689, 104 S.Ct. at 2065-66. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might

2

be considered sound trial strategy.'  See  Michel v. Louisiana, 350 U.S. 91,101, 76 S.Ct.158,164, 100 L.Ed.2d 83 (1955)."  Id.  Additionally, to establish prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  466 U.S. at 694, 104 S.Ct. at 2068.

First, movant alleges that his counsel was ineffective for failing to adequately investigate issues pertaining to Quinton Jones.  Quinton Jones is the only witness that placed movant at the scene of the murder.  Movant states that Quinton Jones was charged with murder in another jurisdiction.  He argues that his counsel should have investigated the issues pertaining to an interview that was conducted with Quinton Jones while he was charged with this murder.  Had his counsel done so, movant argues he could have presented a more reasonable argument that movant's right to confront his accuser was being violated.  The Court sustained objections to counsel's attempts to question Quinton Jones about this other murder charge.

The Government argues that movant does not explain how his counsel's questioning was deficient or why his trial conduct was prejudicial.  The Government argues that defense counsel's performance was competent and effective.

The Court would agree.  During the trial, Mr. Duchardt argued during a bench conference:

Mr. Duchardt:

> Judge, at the time that Mr. Jones was originally confronted about this, he was in custody for an unrelated murder that he had confessed to committing.  He was then confronted by law enforcement officers as concerns this matter and gave essentially, with some exceptions that we'll bring out, the statements that he was talking about now.  The position that

3

we have taken, and I think it's supported by the case law, is that because of his situation at the time of being in custody on this other charge, this is basically part of the circumstances that he was in that I think that under the law we should be able to go into in terms of what his perceptions were and basically his desires to please law enforcement and the like. And like I said, I have indicated the particular case law that I think supports that position.

We also have a situation as concerns the disposition of the charge and I indicated from the git-go it was a favorable disposition for him. But part of the favorable disposition happened as a result of his having originally told police that he had been the person who killed the victim in his case, and then he testified at time of trial that he had lied to the police. I believe that's a separate situation that we should be able to bring out in terms of his deliberate falsification on his reporting to police, a prior instance of – in an official investigation that he had actually given a false statement to police, that he basically then reneged on.

He also has criminal charges pending right now. So those are the three areas that I wanted to highlight to the court as being the two book ends as being things that we should be able to go into because of his – and I would note, Judge, I tried to interview him personally about – to what extent that his statements might have been motivated by the situation that he's in. He has refused to talk to me about those issues, so, honestly, I don't know what his answer to that question would be. I mean, we could do a voir dire of him out of the hearing of the jury to find out that additional piece of information for the court, though I think honestly –

The Court: Which additional piece are you referring to now?

Mr. Duchardt: The additional piece would be to ask him directly to what extent that his testimony here today and his statements to the police were motivated by trying to please law enforcement at the time that he had the charges pending in Kansas City, Kansas.

(Trial Transcript, pp. 369-371).

The Court sustained the objection. However, Mr. Duchardt made an offer of proof to the Court at a later time. (Trial Transcript, pp. 483-489). Thus, it is clear that Mr. Duchardt had investigated the issues pertaining to Quinton Jones and was fully prepared to question him had the Court allowed that line of questioning. However,

4

counsel cannot be faulted for rulings made by the Court. Additionally, Mr. Duchardt took the additional step of making an offer of proof so that he could preserve the issue for appeal. Therefore, the Court does not find that Mr. Duchardt was ineffective in this regard.

Secondly, movant alleges that his counsel was also ineffective for failing to object when the Government called two witnesses: Robert Henderson and Jennifer Kirby. Movant argues that these two inmates were intentionally placed by the government in close proximity to movant's holding cell at the Courthouse so that they could secure information about the murder from him. Both Mr. Henderson and Ms. Kirby had entered into plea agreements with the Government, therefore, movant states they were required to report any information relating to illegal conduct that they become aware of as part of their plea agreements. Movant states that he did not initiate conversations with anyone at anytime and that his counsel should have objected and prevented this testimony. Movant argues that his counsel was ineffective for failing to protect his rights because he failed to object to this testimony.

The Government states that there was no evidence presented either before or at trial to support movant's characterization of the cooperating witnesses as government agents or informants. The Government states that the witnesses testified concerning movant's remarks about another government witness, Anthony Hunter, made while all were situated in a holding cell. The Government argues that defense counsel cannot be faulted for failing to assert a claim lacking any basis in fact.

During his testimony, Mr. Henderson testified that on May 28, 2002, he was transported to the Federal Courthouse to speak with his attorney. When he came to the

5

Courthouse, he was placed in a holding cell with movant. Mr. Henderson testified that he knew movant because they had been housed together in another correctional facility. Mr. Henderson stated that movant began talking to him about Anthony Hunter. Mr. Henderson testified that movant told him that Mr. Hunter had snitched and asked him to pass a message to Mr. Hunter that anyone who gets on the stand, movant's family and friends will be there to take care of who ever is on the stand.

On cross-examination, Mr. Duchardt brought out the fact that Mr. Henderson had been charged with a crime and had entered into a plea agreement and that he was seeking to receive a reduction in his sentence in exchange for providing information. Mr. Duchardt also brought out in cross-examination that when this conversation allegedly took place, there was no one else in the cell with them and there were no witnesses to confirm Mr. Henderson's story. Additionally, because Mr. Henderson testified that movant told him that his friends and family members would be in the courtroom, Mr. Duchardt had Mr. Henderson stand up and confirm that there were no dark complected faces in the courtroom. Finally, Mr. Duchardt asked Mr. Henderson about his prior convictions.

Jennifer Kirby testified that she was in a holding cell which was located next to the holding cell that movant and Curtis Barfield were in. When the Government asked if Ms. Kirby overheard what the movant and Mr. Barfield were discussing in their cell, Mr. Duchardt objected stating that she had been called to testify only to whether Mr. Henderson and movant had a conversation, but now she was being asked other questions. Government's counsel then stated that he would move on with his questioning. Mr. Duchardt on cross-examination brought out that Ms. Kirby was facing

6

life in prison and that she was going to take whatever opportunity she could to reduce her chances of going to the penitentiary.

The Court does not find that Mr. Duchardt was ineffective in his cross-examination of either Mr. Henderson or Ms. Kirby. There is no evidence that these witnesses were government informants or that they were placed specifically in the holding cell in order to elicit statements from movant. Mr. Duchardt effectively cross-examined Mr. Henderson and illustrated the weaknesses in his testimony. With regard to Ms. Kirby, Mr. Duchardt did object when the Government attempted to question her about other matters. Mr. Duchardt also conducted an effective cross examination of Ms. Kirby and illustrated her motives for testifying. In Quinn v. United States, No. 1:06CV00062ERW, 2007 WL 3171450 (E.D.Mo. Oct. 26, 2007), the movant also alleged that his counsel failed to properly question witnesses. However, the Court found that this was an issue of trial strategy. "When counsel's trial strategy is at issue, the Court presumes that effective assistance was provided 'and will not second-guess strategic decisions or exploit the benefits of hindsight.' Payne [v. United States, 78 F.3d 343, 345 (8th Cir. 1996)]" Id at *6.

The Court finds that petitioner has failed to show that his counsel's performance fell below an objective standard of reasonableness. The record demonstrates that Mr. Duchardt conducted a vigorous defense of movant. The Court concludes that no evidentiary hearing is necessary because the record affirmatively refutes the factual assertions upon which the claim is based. Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994).

7

### III.  CONCLUSION

Upon careful review and consideration, the Court finds that the record in this case conclusively demonstrates that movant is entitled to no relief.  Additionally, movant will be denied a certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently. Accordingly, it is hereby **ORDERED** that movant's motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (Doc. # 1) is **DENIED.**


Date:  3/30/09                                         **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                      Fernando J. Gaitan, Jr.
                                                           Chief United States District Judge